**Lynn M. JOHNSON, Appellant**

v.

**BAE SYSTEMS, INC., BAE Systems, PLC and BAE Systems Information Solutions, Inc., Appellees.**

**No. 15-7085**
**September Term, 2015**

United States Court of Appeals, District of Columbia Circuit.

Filed On: May 20, 2016

Rehearing En Banc Denied July 14, 2016.

Harry James Jordan, Esquire, Attorney, Jordan and Associates, Washington, DC, for Plaintiff–Appellant.

Raymond C. Baldwin, Christine Mary Costantino, Esquire, Seyfarth Shaw LLP, Washington, DC, for Defendants–Appellees.

Before: Tatel, Kavanaugh, and Millett, Circuit Judges.

***JUDGMENT***

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the order of the District Court dismissing plaintiff's action with prejudice be **AFFIRMED.**

A district court may dismiss a case based on a party's flagrant or egregious misconduct when the court finds "clear and convincing evidence of misconduct" and provides a "specific, reasoned explanation for rejecting lesser sanctions." *Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1478 (D.C. Cir. 1995); *Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996). This Court reviews a district court's imposition of a dismissal sanction for abuse of discretion. *Shepherd*, 62 F.3d at 1475. We do not set aside a district court's factual findings concerning a party's misconduct unless those findings are clearly erroneous. *Id.* at 1475–76.

In this case, the District Court found clear and convincing evidence that plaintiff altered medical records and engaged in the wholesale destruction of potentially relevant Facebook messages and e-mails. Those findings are not clearly erroneous. Moreover, the District Court twice issued lesser sanctions against plaintiff, resorting to the ultimate sanction of dismissal only after the full extent of plaintiff's discovery misconduct became known and after specifically determining that no lesser sanction would suffice. Under those circumstances, the District Court did not abuse

its discretion in dismissing plaintiff's case based on egregious discovery misconduct.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.